UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 16-14761-MER |
| Y&K SUN, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ) | |

**RESPONSE TO OBJECTION TO AMENDED PROOF OF CLAIM NO. 2-2 FILED BY WONJONG KIM AND YOONEE KIM**

Wonjong Kim And Yoonee Kim (the "Kims"), by and through their attorney Michael J. Davis of BKN Murray LLP hereby files their response to Y&K Sun, Inc. ("Debtor") Objection to Amended Proof of Claim No. 2 filed by Wonjong Kim and Yoonee Kim (the "Objection") and in support thereof states as follows:

1. Y&K Sun filed a voluntary petition for relief in bankruptcy with the United States Bankruptcy Court for the District of Colorado, under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"), on May 12, 2016, which initiated Case No. 16-14761-MER.

2. The Debtor is operating as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's Chapter 11 case, and no committees have been appointed or designated.

3. In the Debtor's Statement of Financial Affairs and Schedules submitted in connection with its bankruptcy, Debtor lists its debt owed to the Kims for $1,441,555.38 as unliquidated, disputed and subject to setoff.

4. Pre-petition, the Kims sued Debtor and Debtor's principals for, among other things, securities fraud/violation of the Colorado Securities Act (the "Act") (CRS §§11-51-501 and 11-51-604), in litigation captioned Wonjoong Kim, Individually, and Yoonee Kim, Individually, Plaintiffs, v. Hyung Keun Sun, Individually, Yeomam Sun, Individually, and Y&K Sun, Inc., a Colorado corporation, Defendants, in the District Court for Douglas County, Case Number 2010CV665 (the "State Court Action").

5. Previously, on July 21, 2012, Debtor's principals, Hyung Keun Sun and Yeonam Sun (the "Suns"), filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Colorado, which initiated Case No. 12-25005-MER (the "Sun Bankruptcy").

6. The initiation of the Sun Bankruptcy stayed the State Court Action.

7. On October 15, 2012 the Kims initiated Adversary Proceeding 12-1660 MER (the "Adversary") which sought to declare the debt owed to the Kims by the Suns as non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) for fraud, false pretenses, and false representations and omissions; under 11 U.S.C. § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity; under 11 U.S.C. § 523(a)(4) for embezzlement; under 11 U.S.C. § 523(a)(6) for willful and malicious injury; and, under 11 U.S.C. § 523(a)(19) for violation of Federal and Colorado Securities Laws and Regulations.

8. On June 7, 2013, the Kims filed Plaintiffs' Motion To Hold In Abeyance Plaintiffs' Fifth Claim For Relief Under 11 U.S.C. § 523(a)(19) in the Adversary which Motion was granted. Adversary Dkt #19.

9. On September 12, 2014, this Court entered judgment in Adversary Proceeding No. 12-01660-MER (the "Adversary Proceeding") in favor of Wonjong Kim and Yoonee Kim. After appeal to the Bankruptcy Appellate Panel, which held the judgment to be approximately $1,441,000 which presumably gives rise to the amount listed on Schedule F listed by the Debtors.

10. On June 26, 2015, the Debtors and the Kims filed their Joint Motion For (I) Dismissal Of Plaintiffs' 11 U.S.C. § 523(a)(19) Claim Without Prejudice; And (II) Rule 54(B) Certification in the Adversary which Motion was granted by this Court. Adversary Dkt# 138.

11. As a result, this Court never adjudicated the claim under 11 U.S.C. § 523(a)(19) for violation of Federal and Colorado Securities Laws and Regulations.

12. On June 6, 2016, this Court dismissed the Sun Bankruptcy. The Kims filed a Motion for Partial Summary Judgment and Memorandum in Support of the same against the Debtor in the State Court Action, on March 3, 2016, which also remains pending.

13. The filing of the present case by the Debtor again stayed the State Court Action.

14. On September 2, 2016, Wonjong Kim and Yoonee Kim ("Claimants") filed Amended Proof of Claim No. 2 (the "Claim") in this bankruptcy case claiming:

> The United States Bankruptcy Court for the District of Colorado found that the Suns used false pretenses, false representations and actual fraud to obtain the $900,000.00 from the Kims for Y&K Sun. These findings were reviewed and affirmed on appeal by the Bankruptcy Appellate Panel of the Tenth Circuit. Given the detailed evidentiary record, there remain no issues of material fact and the Kims are entitled to judgment as a matter of law on their claims of: (a) fraudulent misrepresentation/omission, (b) securities fraud/violation of Act §11-51-501, 11-51-604 (regarding the sale to the Kims of shares of Y&K Sun); and (c) securities fraud/violation of Act §11-51-501, 11-51-604 (regarding the exchange of shares of Y&K Sun for another security instrument), against Defendant, Y&K Sun.

This claim was filed based on the Act and the counts dismissed in the Adversary that were never litigated.

15. The filing of the present case further has prevented the Act claims brought in the State Court Action from being litigated.

16. The Act defines a "person" as follows:

> (12) "Person" means an individual, a corporation, a partnership, an association, an estate, a joint-stock company, a trust where the interests of the beneficiaries are evidenced by a security, an unincorporated organization, a government, a governmental subdivision or agency, or any other legal entity. CRS § 11-51-201 (12).

17. The Act §§ 11-51-604(3) and (4) provides liability for "any person" who sells a security and makes a misrepresentation or omission of material fact. Because Y&K Sun sold a security to the Kims under the Stock Purchase Agreement, it is liable.

18. Amended Claim 2-2 filed by the Kims requests the following

> "Money judgment: (a) against Y&K Sun, jointly and severally with the Suns, for all economic loss to make the Kims whole from and against all wrongful acts and failures to act by Y&K Sun; and (b) money judgment for all economic loss to make the Kims whole from and against all breaches of duties owed by Y&K Sun, jointly

and severally with the Suns, with whom it conspired or acted in concert, along with pre- and post-judgment statutory interest, as provided by the Act…" See Amended Claim 2-2 attached as Exhibit A.

19. Amended Claim 2-2 filed by the Kims further requests the following:

"Reasonable attorney fees, expert witness fees and other fees and costs including costs of collection as provided by the Act…" See Amended Claim 2-2 attached as Exhibit A.

20. The Act states as follows:

"Any person who sells a security in violation of section 11-51-501 (1) (b) (the buyer not knowing of the untruth or omission) and who does not sustain the burden of proof that such person did not know, and in the exercise of reasonable care could not have known, of the untruth or omission is liable to the person buying the security from such person, *who may sue to recover the consideration paid for the security, together with interest at the statutory rate from the date of payment, costs, and reasonable attorney fees, l*ess the amount of any income received on the security, upon the tender of the security, or is liable for damages if the buyer no longer owns the security. Damages are deemed to be the amount that would be recoverable upon a tender, less the value of the security when the buyer disposed of it, and interest at the statutory rate from the date of disposition." CRS § 11-51-604(4). (Italics and emphasis added.)

21. Thus, the claim brought against the Debtor is based on the Act as stated, and should apply the standard of damages laid out in said Act.

22. Though the Court's determination in the Adversary Proceeding that an award of prejudgment interest was discretionary and subsequently awarded the Kims interest at the Colorado statutory rate of 8% compounded annually through September 12, 2014, with interest thereafter at the federal judgment rate, that award was not grounded in the Act, under which the standards are completely different.

23. Further, though the Claim herein is based on exactly the same facts and circumstances as the Adversary Judgment, the Court's assessment is not based on its discretion, but on the standards laid out in the Act.

24. Finally, though the Kims were denied an award of fees in the Adversary Proceeding, the award of fees was not governed by the Act, which allows fees to be assessed.

25. The Debtor seeks to deny an award of attorney fees based on the principal of res judicata or what would be referred to as "claim preclusion". Claim preclusion bars relitigation of claims or issues which were or could have been raised in a prior suit between the same parties or their privies. *CF & I Steel Corp. v. Charnes,* 637 P.2d 324 (Colo.1981).

26. In the present case, the identity of the parties is not the same. The Kims and the Debtor are separate and distinct entities as is evidenced by the fact that they were required to file separate bankruptcies in order to impose the automatic stay against each of the Kims and the Debtor separately.

27. In the Sun case, though they owned the stock in Y&K Sun, the only property of the estate that the Kims could execute on was the stock in Y&K, but not the shopping center property which Y&K owned.

28. Courts have held that there are four elements which must be present in order for claim preclusion to apply. They are that (1) the former judgment was entered by a court of competent jurisdiction, (2) the former judgment was rendered on the merits, (3) the current matter in question was, or could have been, determined in the prior case and (4) the controversy adjudicated in the prior action was between the parties to the present suit or their privies. *Thomas v. Deutsche Bank*, 2014 U.S. Dist. LEXIS 131081 (N.D. Ind. 2014).

29. Of course, the current matter based on the Act that gives rise to the claim was not litigated in the prior case. In fact, it was specifically excluded by agreement of the parties, and then dismissed by agreement of the parties.

30. The claim based on the Act should also not be precluded because the Suns and Y&K are in privity with each other. "The unanimous rule appears to be that the principal or agent will not be *bound* by a judgment against the other." See John K. Morris. *Nonparties and Preclusion by Judgment: The Privity Rule Reconsidered*. Calif Law Review, Volume 56, Issue 5, Article 4. August 1968. Citing *Rice v. Ringsby Truck Lines*, 302 F.2d 550 (7th Cir. 1962); *Sherwood v. Huber & Huber Motor Exp.*

*Co.*, 286 Ky. 775, 151 S.W.2d 1007 (1941); *Dicarlo v. Scoglio*, 317 Mass. 773, 60 N.E.2d 762 (1945); *Gentry v. Farruggia*, 132 W. Va. 809, 53 S.E.2d 741 (1949).

31. The purpose of this rule is simple. As one court held:

"It is plain that a rule which would rest privity of interest on the mere relationship of principal and agent would tempt collusion." *Gentry v. Farruggia*, cited supra, at 743.

32. Whether the fees requested are calculated under the Lodestar factors or the contingency fee agreements, the amount of time expended by the attorneys in this case has been astronomical.

33. This litigation has been going on for 6 years, or since 2010. The Suns have wound their way through multiple courts and multiple proceedings to get to the point where the hope of recovery is present. Even under a lodestar analysis, the award is designed to take contingency analysis into consideration given the difficulty and complexity of the issues presented in this case.

WHEREFORE, for the reasons set for above, the Kims request that this Court enter its Order allowing the claim filed by the Kims in its entirety for the reasons stated herein and for such other relief this Court sees fit to grant.

Dated this 19th day of October, 2016.

       Respectfully submitted

       **BKN Murray, LLP.**
       (*The original signed document*
       *is on file at the law offices of BKN Murray, LLP.*)

       By: /s/ *Michael J. Davis*
       Michael J. Davis
       6795 E. Tennessee Ave.
       Ste. 330
       Denver, Colorado 80224
       Phone: 303-758-5100
       Email: mdavis@bknmurray.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 18th day of October, 2016, a true and correct copy of the foregoing RESPONSE TO OBJECTION TO AMENDED PROOF OF CLAIM NO. 2-2 FILED BY WONJONG KIM AND YOONEE KIM was served via PACER and/or United States Mail, first- class postage pre-paid thereon, and addressed to the parties identified below:

Andrew D. Johnson
Onsager Guyerson Fletcher
1801 Broadway, Suite 900
Denver, CO 80202

Alison Goldenberg,
US Trustee Office
1961 Stout Street, Ste 12-200
Denver, CO 80294

Benjamin Swartzendruber
5334 S. Prince St.
Littleton, CO 80294

*Michael J. Davis*
Michael J. Davis

.