UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 16-14761-MER |
| Y&K SUN, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ) | |

**MOTION TO PAY ADEQUATE PROTECTION TO FIRST NATIONAL BANK AND TO PAY BELFOR USA GROUP**

Y&K Sun, Inc. (the "Debtor"), through undersigned counsel, files its Motion to Pay Adequate Protection to First National Bank and to Pay Belfor USA Group. In support, Debtor states as follows:

**INTRODUCTION**

The stalking horse bidder has terminated its contract to purchase the JCRS Property and Debtor did not receive any qualified bids by the November 4, 2016 deadline. However, the stalking horse bidder has informed Y&K and the Kims that it remains interested in purchasing the JCRS Property at the same purchase price, but that it needs more time. With the consent of the Kims and First National Bank, Y&K is attempting to negotiate a new sale agreement with the stalking horse bidder.

Debtor has conferred with counsel for Wonjoong and Yoonee Kim (the "Kims"), who do not object to the relief requested in this motion. Debtor seeks authority to continue paying First National Bank the regular monthly payment due under the loan secured by the JCRS Property through January 31, 2017 to permit a sale to move forward. Debtor also seeks authority to pay Belfor USA Group for work Belfor performed at the JCRS Property following a small fire in one of the spaces and for which Debtor received insurance proceeds.

Y&K and the Kims have conferred regarding the effect a new sale agreement (if an agreement is reached) would have on the Kims' motion for relief from stay, but have not reached a consensus. Y&K and the Kims are continuing to discuss the matter.

**CASE HISTORY**

1.  Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code on May 12, 2016 (the "Petition Date").

2.  On May 13, 2016, Debtor filed a Motion to Appoint Chapter 11 Trustee [Docket No. 12], and the deadline to object is May 27, 2016, and no order has entered.

1

3. On June 2, 2016, Debtor filed a Motion to Pay Adequate Protection to First National Bank and Stripe A Lot (the "First Motion"). [Docket No. 36]. As described more fully in the First Motion, Debtor and First National Bank ("FNB") entered into an agreement for Debtor's use of cash collateral through July 30, 2016. In the First Motion Debtor also requested authority to continue to make the regular monthly FNB payment of $17,255.77 and the monthly escrow deposit for taxes and insurance of $9,600 on the loan from FNB to Debtor. Debtor also requested authority to pay Stripe A Lot for work performed on the parking lot at Debtor's property.

4. An order approving the First Motion was entered on June 28, 2016. [Docket No. 55].

5. Debtor filed a Second Motion to Pay Adequate Protection to First National Bank (the "Second Motion") on July 29, 2016. The relief requested in the Second Motion was substantially the same as the First Motion, except that Debtor did not request authority to pay Stripe a Lot.

6. On order approving the Second Motion was entered on August 26, 2016. [Docket No. 91].

7. Debtor seeks to continue its use of cash collateral and payment of adequate protection on substantially the same terms as described in the First Motion and Second Motion. In addition, Debtor seeks authority to pay Belfor USA Group for remediation work Belfor performed to a fire-damaged portion of Debtor's property. Debtor received insurance proceeds in the amount Debtor seeks to pay Belfor

## SUMMARY OF RELIEF REQUESTED

8. Debtor has entered into an agreement concerning the use of cash collateral with FNB, which holds a deed of trust on the real property owned by Debtor, in exchange for the payment of adequate protection. The material terms of the agreements are as follows:

a. Debtor is permitted to use rents from the real property to pay the normal expenses of the Debtor and the real property owned by Debtor as provided on the attached budget through January 31, 2017;

b. Debtor will continue to pay $9,600 per month into an escrow controlled by FNB to pay real estate taxes on the property and insurance on the property;

c. Debtor will continue to pay FNB $17,255.77 per month in accordance with the loan documents between FNB and Debtor;

d. Interest on the loan from FNB to Debtor will continue to accrue at the contract rate of 5.0% in accordance with the loan documents between FNB and Debtor; and

## BACKGROUND

*JCRS PROPERTY*

9. The Debtor owns a portion of the JCRS shopping center on Colfax Avenue in Lakewood, Colorado (the "JCRS Property"), in the same shopping center as the Casa Bonita restaurant. The portion of the JCRS Property owned by the Debtor consists of approximately 42,000 square feet of retail space divided into 15 units, 12 of which (comprising approximately 29,000 square feet) are occupied by tenants.

10. As of July 2015, the JCRS Property had an appraised value of $4,630,000, and with certain repairs, changes to the existing leases, and leasing vacant space, it was estimated by an appraiser to be worth $6,200,000. The Debtor receives approximately $43,000 per month in rent and common area expenses from tenants.

*FNB LOAN*

11. Debtor purchased the JCRS Property in 2006 for $4,300,000. The purchase was financed in part with a $3,000,000 loan from FNB. The JCRS Property is subject to a Deed of Trust for the benefit of FNB (the "FNB DOT"), which secures a promissory note in the original amount of $3,000,000, as amended by Change in Terms Agreements (the "FNB Note"). The FNB Note is also secured by an Assignment of Rents against the JCRS Property (the "FNB Assignment"). The FNB DOT was recorded on July 13, 2006, and the FNB Assignment was recorded on July 10, 2009, in the real property records of the Clerk Recorder of Jefferson County, Colorado. The current amount Debtor owes under the FNB Note is approximately $2,514,000.

## USE OF CASH COLLATERAL AND PAYMENT OF ADEQUATE PROTECTION

12. FNB has consented to Debtor's use of the rents from the JCRS Property for items identified on the budget (the "Budget") through January 31, 2017, which is on page 2 of the stipulation attached as **Exhibit A**.

13. In exchange for the use of cash collateral, FNB requested that Debtor continue to make the required monthly payment on the FNB Note and continue to make the required monthly escrow deposit for real estate taxes and insurance. To the extent Debtor continues to make the required monthly payment, FNB has agreed to the interest rate on the FNB Note at the contract rate of 5.0%, instead of increasing the rate to the default rate of 9.25% (default rate is 5.75% above the Wall Street Journal Prime Rate, which is currently 3.50%).

14. The required monthly payment under the FNB Note is $17,255.77. The required monthly escrow payment used to pay real estate taxes and insurance is $9,600.

3

## AUTHORITY FOR USE OF CASH COLLATERAL

15. Debtor may use cash collateral if each entity with an interest in cash collateral has consented to such use. 11 U.S.C. § 363(c)(2)(A). FNB consents to the use of cash collateral as provided in the Budget.

## AUTHORITY FOR ADEQUATE PROTECTION PAYMENTS

16. Under 11 U.S.C. § 363(b)(1), Debtor may use, sell, or lease property of the estate outside the ordinary course of business after notice and a hearing. Debtor asserts the use of cash payment of adequate protection as provided in this Motion is in the best interests of the estate because it will preserve the value of the JCRS Property for the benefit of creditors until a chapter 11 trustee is appointed.

17. Under 11 U.S.C. § 362(d)(3)(B), Debtor is obligated to pay FNB monthly interest payments at the contract rate to prevent relief from stay entering 90 days after the Petition Date. The approximate amount due to FNB is $2,530,000. Monthly payments of accrued interest at 5.0% would be approximately $10,500. The required monthly loan payment to FNB is $17,255.77 and approximately $6,700 per month would be applied to reduce the principal amount owed to FNB. Thus, permitting Debtor to make the required monthly payment of $17,255.77 would increase the value of Debtor's interest in the JCRS Property. It would also prevent the monthly interest accrual from increasing to approximately $19,500 per month under the default interest rate.

18. Debtor anticipates having sufficient cash to pay operating expenses and make the payments requested in the Motion. Debtor asserts the proposed use of cash collateral and the proposed payments to FNB are in the best in interests of the estate and its creditors in preserving the JCRS Property.

## AUTHORITY TO PAY BELFOR USA GROUP

19. A small fire occurred in one of the interior spaces occupied by a tenant at the JCRS Property. The fire occurred in June 2016 and a portion of the repair was covered by Debtor's insurance. Belfor USA Group performed repair and remediation work in the fire-damaged space in July and August 2016.

20. Debtor requests authority, consistent with the Budget, to Belfor for work it performed at the JCRS Property following a small fire. Belfor's invoice for the work in the amount of $40,661.01 is attached as **Exhibit B**. A copy of the letter from Y&K's insurer accepting and paying the claim in the approximate amount of the work performed by Belfor is attached as **Exhibit C**.

**WHEREFORE**, Debtor respectfully requests that the Court enter an Order (i) granting this Motion; (ii) authorizing Debtor to pay adequate protection to FNB; (iii) authorizing, but not obligating Debtor to pay Belfor USA Group for work it performed at the JCRS Property; and (iv) granting such other relief as this Court deems proper.

Dated: November 10, 2016

Respectfully submitted,

**ONSAGER | GUYERSON | FLETCHER | JOHNSON**

*s/Andrew D. Johnson*
Andrew D. Johnson, #36879
  Christian C. Onsager, #6889
1801 Broadway, Suite 900
Denver, Colorado 80202
Ph: (303) 512-1123
Fax: (303) 512-1129
ajohnson@ogfj-law.com
consager@ogfj-law.com

*Attorneys for Y&K Sun, Inc.*